UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HONGJIN SUI, and DALIAN HOFFEN
BIO-TECHNIQUE CO., LTD.,

    Plaintiffs,

       v.                               Case No.: 8:11-cv-00037-SDM-TBM

HARRY WU, and THE LAOGAI
RESEARCH FOUNDATION,

    Defendants,
_____/

**DEFENDANTS MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Harry Wu ("Mr. Wu") and the Laogai Research Foundation ("LRF") hereby move for leave to file a Reply to address several specific factual misstatements and errors of law in Plaintiffs' Substituted Response to the Defendants' Motion to Dismiss the Amended Complaint, *see* Dkt. 23 ("Substituted Response").

**Memorandum of Law**

Plaintiffs have made a number of significant misstatements of fact and law in their Substituted Response. Correcting those misstatements would further the interests of justice and aid the Court in resolving the motion at hand.

Plaintiffs make at least three misstatements of fact that require correction. First, Plaintiffs confuse the July 2010 "Bodies on Display" article and the time-barred Observechina article. For example, Plaintiffs assert that the statement beginning "After plagiarizing the technique . . ." is within this July 2010 article, *see* Substituted Response at 4-5, but it is not. Rather, this statement comes from the February 2008 Observechina article,

and is time-barred pursuant to Florida's two-year statute of limitations period. *See* Amended Complaint, Ex. 3 (July 2010 article from LRF website that does not include statement). As would be explained in the brief Reply, there, remain three sets of identifiable statements at issue in this case – none of which provide for jurisdiction.

Second, the Reply would address Plaintiffs' misconstruction of the record, and apparent contradiction, with regard to the ABC 20/20 report. Plaintiffs attempt to argue that the Court should have jurisdiction because the Bodies Exhibition was in Florida "at the time of his interview," implying that Mr. Wu was actually the subject of or interviewed in the 20/20 report broadcasted by ABC. *See* Substituted Response at 11. Not only is this not alleged in the Amended Complaint, it is evident from the 20/20 transcript attached to the Amended Complaint that this is false. *See* Am. Comp., Ex. 4 (containing no mention of Mr. Wu). Plaintiffs also make the inherently contradictory assertions both that Mr. Wu gave the Nine Photographs to the "secret witness" and that Mr. Wu gave the photos directly to ABC. *Compare id.* at 5 n. 4 *with id.* at 23 n. 16. The ABC story, however, reports that ABC received the photos from the "secret witness" who took them himself. *See* Am. Comp., Ex. 4 at 13. The Reply would also discuss how these new, erroneous, and unsupported factual assertions remain irrelevant to the Court's determination on the question of personal jurisdiction.

Plaintiffs also make a number of errors of law that require correction. The Reply would show how Plaintiffs have conflated the two-prongs of the Florida long-arm statute: Section 48.193(1)(a), which covers "any cause of action arising from . . . operating, conducting, engaging in, or carrying on a business venture in this state . . ." and Section

48.193(1)(b), which covers "any cause of action arising from . . . committing a tortious act within this state." *See* Substituted Response at 2. All of the case law Plaintiffs rely upon concerns Section 48.193(1)(b) (tortious act), and yet Plaintiffs' Response includes broad assertions concerning Defendants' business activities, which have no bearing on the applicability of Section 48.193(1)(b). Plaintiffs' continue to rely on *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla. 2010), yet leave out the central difference guiding that case's outcome – there, Plaintiffs were Florida residents, whose principal place of business was in Florida. Here, they are not. As the court found in *Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379 (S.D. Fla. 2004), there is no jurisdiction in Florida courts pursuant to Section 48.193(1)(b) for allegedly defamatory statements published online where neither the plaintiffs nor the defendant is a Florida resident. *See id.* at 1384. *See also*, Defendants' Motion to Dismiss, Dkt # 18 at 5 (greater discussion of *Alternate Energy*).[1]

The Reply would also address how Plaintiffs' have obscured the legal analysis used by Florida courts in the Due Process review of libel cases involving out-of-state defendants, specifically relating to the "effects test." Plaintiffs' offer no case-law for their contention that allegedly libelous material on a website directed toward the entire United States is "expressly aimed" at Florida. *See* Substituted Response at 11. The Reply will rectify Plaintiffs' misrepresentation of the law by clarifying that Florida courts have found that Due Process is not met where there is no indication that an out-of-state resident's allegedly libelous actions on a website "caused more harm to Plaintiff in Florida than anywhere else." *See id.* at 1384. *See also Vision Media TV Group v. Forte*, 724 F. Supp. 2d 1260, 1265-66

---

[1] Plaintiffs make no attempt to distinguish this case-law in their Response.

(S.D. Fla. 2010) (finding no personal jurisdiction due to a lack of evidence showing that the allegedly libelous actions on a website expressly targeted Florida, and not the "entire United States.").

Finally, Defendants seek leave to reply to highlight that Plaintiffs' Response does not include any basis for the Court to exercise personal jurisdiction over Harry Wu as an individual. Plaintiffs' Response obscures this by referring to both Defendants collectively as "Wu" -- this is misleading and improperly conflates the two separate defendants over whom the Court would need to exercise personal jurisdiction. Plaintiffs' reliance on jurisdiction based on website publication only relates to the Laogai Research Foundation, whose July 2010 report was published on the web. Mr. Wu's only contact with Florida remains a family vacation to Disney World.

For the foregoing reasons, this Court should grant Defendants leave to file a Reply in support of their Motion to Dismiss, in order to correct the serious misstatements of law and fact in Plaintiffs' Response.

Dated: March 9, 2011

Respectfully submitted,

HARRY WU, and THE LAOGAI RESEARCH FOUNDATION

By their attorneys,

 /s/ Mark V. Silverio
Mark V. Silverio (*Bar No. 150430*)
SILVERIO & HALL, P.A.
255 8th Street South, Naples, Florida 34102
(239) 649-1001
msilverio@silveriohall.com

 /s/ Anthony D. Mirenda
Anthony D. Mirenda (*pro hac vice*)
Clara E. Brillembourg (*pro hac vice*)
Catherine C. Deneke (*pro hac vice*)
Foley Hoag LLP
155 Seaport Boulevard,
Boston, MA 02210
(617) 832-1000
amirenda@foleyhoag.com

5

**Certificate of Service**

WE HEREBY CERTIFY that on this 9th day of March, 2011 we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 __/s/__ Mark V. Silverio_____
                                                 Mark V. Silverio