UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HONGJIN SUI, and DALIAN HOFFEN
BIO-TECHNIQUE CO., LTD.,

    Plaintiffs,

        v.                Case No.: 8:11-cv-00037-SDM-TBM

HARRY WU, and THE LAOGAI
RESEARCH FOUNDATION,

    Defendants,
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF HARRY WU WITH MEMORANDUM OF LAW**

Defendants hereby oppose Plaintiffs' Motion to Strike the Affidavit of Harry Wu. There is no basis to strike Mr. Wu's affidavit (the "Affidavit"), *see* ECF No. 19, filed in connection with Defendants' Motion to Dismiss. Mr. Wu's statements concern his own conduct, and describe his own activities, without making legal conclusions.

**Memorandum of Law**

This Court has expressed a general hesitancy to grant motions to strike of this sort. In *Tingley Systems v. Bay State HMO Management*, 833 F. Supp. 882 (M.D. Fla., 1993), this Court explained that "Courts are reluctant to grant motions to strike on the grounds of insufficiency . . . and such motions are often considered 'time wasters'." *Id.* at 884. In light of this general reluctance, and considering the motion's complete lack of merit, this Court should deny Plaintiffs' motion.

This Court should reject the Plaintiffs' contention that Mr. Wu's statements are not based on personal knowledge because the plain language of the affidavit and common sense demonstrate otherwise. An "affidavit does not need to specifically state that it is

made on personal knowledge if the statements in the affidavit clearly show that the affiant is speaking from personal knowledge." 49 C.J.S. Judgments § 334 (2010). In the affidavit, Mr. Wu describes his state of residence, his own professional activities, whether he has a Florida license, where he votes, where he owns property, and where he has traveled. For plaintiffs to argue that these statements are not based on Mr. Wu's personal knowledge is to divorce all common sense from the legal proceedings.

Plaintiffs only other argument concerns one line in the affidavit: Mr. Wu's statement that he has not "conducted business [him]self or on behalf of LRF in Florida." *See* ECF No. 22 at 1. This statement is offered as a factual assertion by Mr. Wu -- it is as simple and clear a statement as he can make that he has not conducted business in Florida. From that factual assertion, we leave it to the Court to draw any legal conclusions it deems appropriate.

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike.

Dated: March 9, 2011

Respectfully submitted,

HARRY WU, and THE LAOGAI
RESEARCH FOUNDATION

By their attorneys,

| /s/ **Mark V. Silverio** | /s/ **Anthony D. Mirenda** |
|---|---|
| Mark V. Silverio (*Bar No. 150430*) | Anthony D. Mirenda (*pro hace vice*) |
| SILVERIO & HALL, P.A. | Clara E. Brillembourg (*pro hace vice*) |
| 255 8th Street South, Naples, Florida 34102 | Catherine C. Deneke (*pro hace vice*) |
| (239) 649-1001 | Foley Hoag LLP |
| msilverio@silveriohall.com | 155 Seaport Boulevard, |
| | Boston, MA 02210 |
| | (617) 832-1000 |
| | amirenda@foleyhoag.com |

**Certificate of Service**

WE HEREBY CERTIFY that on this 9th day of March, 2011 we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 **/s/ Mark V. Silverio**
                                                 Mark V. Silverio